## UNITED STATES v. MALLINGER.

### Nos. 6396, 6397.

Circuit Court of Appeals, Third Circuit.

July 30, 1937.

Joseph A. Rossi, of Pittsburgh, Pa., for appellant.

Charles F. Uhl, U. S. Atty., and George Mashank, Asst. U. S. Atty., both of Pittsburgh, Pa., for the United States.

Before THOMPSON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

BIGGS, Circuit Judge.

In view of the fact that the two appeals here involved grow out of closely related states of fact, we will deal with both in one opinion.

Sam Mallinger, the only appellant herein, was charged in an indictment by the grand jury for the Western District of Pennsylvania, in case 6396 (No. 9688, Criminal, upon the docket of the District Court for the Western District of Pennsylvania), in a first count, with having possession of one hundred counterfeited strip stamps of the kind prescribed by the Commissioner of Internal Revenue for use in affixing to and pasting over the mouths of bottles in the bottling of distilled spirits in bond, and, in a second count of the same indictment, with selling the stamps to one Phillip Cohen. In a separate indictment in case 6397 (No. 9689, Criminal, upon the docket of the District Court for the Western District of Pennsylvania), Mallinger was charged with selling one hundred used liquor bottles to Phillip Cohen, to the end that they might be used again for the sale of distilled spirits of the kind within the intent and meaning of the Internal Revenue Laws of the United States for other than industrial use. The offenses charged in the indictment first referred to are violations of the Act of March 3, 1897, c. 379, § 7, 29 Stat. 628 (26 U.S.C.A. § 1282); the offense charged in the second indictment referred to is a violation of Regulation 13 of the Treasury Department of the United States pursuant to the provisions of a Joint Resolution of the Congress entitled, "JOINT RESOLUTION to protect the revenue by regulation of the traffic in containers of distilled spirits," promulgated in accordance with the authority conferred on the Secretary of the Treasury by Joint Resolution of June 18, 1934, c. 610, 48 Stat. 1020 (26 U.S.C.A. § 1222).

Mallinger was found guilty upon all counts of both indictments and in case 6396 was sentenced to pay a fine of $100 and ordered confined in a federal penitentiary for two years. In case 6397 he was sentenced to be confined to a federal peni-

tentiary for a year and a day. These sentences are to run concurrently.

The facts of the two cases are as follows: Upon April 15, 1935, agents of the Bureau of Internal Revenue, acting upon information from an undisclosed source, followed an automobile driven by Cohen to a building formerly used as a church property upon Miller street in the city of Pittsburgh, Pa. Cohen left the automobile, went into the building; and emerged in a short time carrying a carton of the sort commonly used to transport whisky bottles. This carton was placed by him in the car. Cohen again returned to the building and emerged carrying another carton identical in appearance with the first. Cohen also brought out of the building a small package, carrying it in his hands. It was wrapped in some sort of a printed covering such as a newspaper or a page torn from a magazine. This package was placed by him in the pocket of the automobile in the door opposite the driver's seat. The appellant, Mallinger, then came out of the building carrying two additional cartons of the same appearance as that first carried out. These two cartons were put into the car by Mallinger. Cohen then drove the car about 20 yards up the street when he was stopped by the agents. The car was searched and the four cartons were opened and found to contain whisky bottles with the usual notation blown on them, "Federal Law forbids Sale or Re-use of this bottle." The package in the pocket of the car was opened and found to contain the counterfeited strip stamps heretofore referred to.

Thereafter a search warrant was obtained. The church building was searched and a great number of empty bottles of all kinds were found. The premises contained a wash tank, and in a soda barrel near this tank was found a magazine from which, it was proved, the piece of paper used as covering for the counterfeited stamps had been torn. There were found also caps and corks for bottles, and sales slips and purchase slips marked, "Received from M. Mallinger," "Sold to O. K. Bott. Shop." It was estimated by witnesses at the trial that there were approximately 50,000 bottles upon the premises, bottles of all kinds, including approximately 3,000 whisky bottles. The agents occupied the premises for several days and various persons came in to buy and sell bottles, but it is nowhere charged that the bottles then bought or sold were within any prohibited category. One of the revenue agents testified at the trial that he had asked the appellant if he did not know that it was against the law to buy whisky bottles and that Mallinger stated to him that "people came around with all kinds of bottles," and that he "bought them all"; that he did not separate the bottles of that type from any other type of bottle; and that he had "not had time to break up these bottles." The same agent testified that Mallinger admitted "buying them (the whisky bottles), but hadn't broken them." There were a number of exhibits introduced in evidence, but these exhibits need not be commented on here. In a petition to suppress evidence filed by the appellant and another, the appellant described himself as the co-owner of a business of dealing in used bottles and glass containers on the corner of Colwell and Miller streets, in Pittsburgh. These were the premises which were the subject of the warrant.

The statement of fact set out above fairly covers all evidence submitted on behalf of the United States at the trials of the appellant.

In our opinion, there is no sufficient evidence presented to connect Mallinger with either the possession or sale of the counterfeited stamps. The counterfeited stamps were not found in Mallinger's possession. They were carried from a building in which he was doing business by a person whom he was aiding in loading an automobile with the cartons containing whisky bottles. The counterfeits were wrapped in a piece of paper torn from a magazine later found upon Mallinger's premises. This is all the evidence adduced to support the two counts of the first indictment. The circumstances were in truth suspicious, but the facts are far from sufficient to support a conviction based upon fraud of the revenue.

Neither is there any sufficient evidence of the sale of the bottles by Mallinger to Cohen. In this regard the only evidence presented is that Mallinger carried out two of the cartons containing the bottles and placed them in the car and the undisputed fact that Mallinger and those in business with him were engaged in the purchase and sale of bottles. The circumstances were suspicious, but there is no evidence whatsoever of the passing of money or any consideration whatsoever between Cohen and Mallinger. Indeed the evidence adduced is not inconsistent with Mallinger delivering the

bottles to Cohen as a gift or for purposes of destruction. Mallinger is not charged in the indictment with violation of section 2 of article 7 of Regulations 13, which reads, "The possession of used liquor bottles by any person other than the person who empties the contents thereof is prohibited." He is charged specifically with the sale of 100 used whisky bottles to Cohen and this charge was not proved.

At the close of the trials, the appellant moved for binding instructions in his favor that under the law and all the evidence the verdict upon both indictments as to him should be "not guilty." This motion was refused by the court below. In our opinion it should have been granted. This determination makes it unnecessary for us to consider any other points raised by the appellant.

The judgments appealed from are reversed.